UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                            Case No. 05-11879-DHW
                                                 Chapter 7
JAMES R. CAMBRON and
WENDY L. CAMBRON,

         Debtors.
_____

JAMES R. CAMBRON,

         Plaintiff,

v.                                               Adv. Proc. No. 06-01057-DHW

MEDICAL DATA SYSTEMS, INC.,
d/b/a Medical Revenue Services, Inc.,

         Defendant.


MEMORANDUM OPINION

In this adversary proceeding, the debtor alleges that the defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*[1] The defendant filed a motion to dismiss (Doc. #5) for want of subject matter jurisdiction. The motion was set for telephonic hearing on June 15, 2006. Both parties participated in the hearing through their respective counsel.

_____

[1] The debtor contends that a collection letter sent after entry of the discharge violated various provisions of the Fair Debt Collection Practices Act.

Facts

The court takes judicial notice of the following facts. James R. and Wendy L. Cambron filed a chapter 7 petition for relief in this court on September 8, 2005. William C. Carn, III, was appointed chapter 7 trustee. The creditors' meeting was held and concluded. *See* Doc. #13. The debtors received a discharge on January 6, 2006. The trustee has yet to abandon any of the assets of their bankruptcy estates.

Conclusions of Law

Bankruptcy courts are courts of limited jurisdiction. That jurisdiction emanates from 28 U.S.C. § 1334(b) which confers title 11 jurisdiction on the district courts by providing:

> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(b). 28 U.S.C. § 157 authorizes each district court to refer to the bankruptcy court all title 11 cases and all proceedings arising under title 11 or arising in or related to a title 11 case. That statute provides:

> (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 157(a). In this district, the District Court has entered a general order referring title 11 matters to this court.

Hence, the bankruptcy court's subject matter jurisdiction is

limited to title 11 cases and to proceedings arising under, arising in, or related to a title 11 case. *In re Toledo*, 170 F.3d 1340, 1344 (11th Cir. 1999)(holding that a bankruptcy court's jurisdiction is derivative and dependent upon these three bases) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 307, 115 S. Ct. 1493, 131 L. Ed. 2d 403 (1995)); *Transouth Financial Corp. v. Murry*, 311 B.R. 99 (M.D. Ala. 2004) (discussing the three prongs of bankruptcy court jurisdiction).

"'Arising under' proceedings are matters invoking a substantive right created by the Bankruptcy Code." *In re Toledo*, 170 F.3d at 1345. Fair Debt Collection Practices Act claims are clearly not ones that invoke substantive rights created by the Bankruptcy Code. Rather, these claims arise under other provisions of federal law and exist outside the bankruptcy context. Hence, this court cannot claim subject matter jurisdiction in this adversary proceeding by way of the "arising under" jurisdictional prong.

Neither can this court claim jurisdiction in this proceeding under the "arising in" jurisdictional prong. Proceedings "arising in" a case under title 11 are "generally thought to involve administrative-type matters," or as the Fifth Circuit stated, "'matters that could arise only in bankruptcy.'" *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999)(quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)). Fair Debt Collection Practices Act claims are not administrative matters that could only arise in the bankruptcy context.

In *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784 (11th Cir. 1990), the Eleventh Circuit adopted the test for "related to" jurisdiction. The court held that the "test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *Id.* at 788.

Here, the debtor argues that should he prevail in this proceeding, any recovery above his State law exemptions would be payable to the trustee for the benefit of the bankruptcy estate. As a result, the debtor argues that this proceeding could conceivably affect the

bankruptcy estate thereby giving this court "related to" subject matter jurisdiction. The court disagrees.

An estate is created upon the commencement of the bankruptcy case. That estate is comprised of virtually all legal and equitable interests of the debtor in property. *See* 11 U.S.C. § 541(a).[2] James Cambron's Fair Debt Collection Practices Act cause of action arose prior to his filing for bankruptcy relief. Therefore, the cause of action is property of the bankruptcy estate.

The trustee is charged with the task of converting the estate's property into cash for ultimate distribution to creditors. *See* 11 U.S.C. § 704(a)(1). If estate property is of inconsequential value, however, the trustee is not required to liquidate that property but may abandon the estate's interest therein. Abandonment of estate property revests that property in the debtor. 11 U.S.C. § 554(c). Conversely, property not abandoned remains property of the estate. 11 U.S.C. § 554(d).

At the hearing on defendant's motion to dismiss, debtor's counsel represented to the court that the trustee had no interest in prosecuting this adversary proceeding on behalf of the estate. In essence, the trustee, without adhering strictly to the statutory requirements for abandoning this property, has tacitly done so with respect to this claim.[3]

If the trustee has abandoned this claim, then the claim is no longer property of the estate and has revested in the debtor. Therefore, any recovery would belong exclusively to the debtor. If the estate has no interest in the recovery, it follows that this adversary proceeding could have no conceivable effect upon the estate, and the

---

[2] Although not relevant here, certain property interests of the debtor do not become property of the bankruptcy estate. *See* 11 U.S.C. § 541(b)

[3] Abandonment of estate property requires notice to all creditors and a hearing on any objections filed within 15 days of the mailing of the notice. Fed. R. Bankr. Proc. 6007; 11 U.S.C. § 554(b).

court lacks "related to" jurisdiction.

If, on the other hand, the trustee has not abandoned the Fair Debt Collection Practices Act claim, the claim remains property of the estate and must be maintained, if at all, by the real party in interest, the trustee, and not the debtor.

Although not part of the record, it is likely that the debtor and the trustee have reached an agreement whereby the trustee will not oppose the debtor's prosecution of the cause of action provided that the debtor pays over to the trustee any unexempt recovery. Such an arrangement, while practical and efficient for the debtor and the trustee, creates a jurisdictional knot that cannot be untied.

## Conclusion

For these reasons the court concludes that the defendant's motion to dismiss is due to be granted. A separate order will enter dismissing this adversary proceeding prospectively unless the trustee intervenes on behalf of the estate or a motion is filed to withdraw the reference pursuant to 28 U.S.C. § 157(d).

Done this the 30th day of June, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: David G. Poston, Attorney for Plaintiff
Russel A. McGill, Attorney for Defendant
William C. Carn, III, Trustee